UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELVIN JUNIOR RAINEY,

v.  Case No. 8:02-cr-15-T-17TBM
    8:05-cv-961-T-17TBM

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant Melvin Junior Rainey's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. Civ. Doc. 1; Crim. Doc. 77.  The Government filed a response to the motion. Defendant did not file a reply to the response.

### BACKGROUND

On January 9, 2002, a federal grand jury in Tampa, Florida, returned an indictment charging defendant Melvin Junior Rainey with one count of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Crim. Doc. 8. On September 23, 2002, Rainey pled guilty to the indictment without a written plea agreement. Crim. Docs. 29, 44 (transcript).

On December 12, 2002, this Court conducted Rainey's sentencing hearing. Crim. Docs. 33, 45 (transcript). During the sentencing hearing, Rainey objected to the probation office's determination of Rainey's offense level pursuant to USSG §4B1.4(b)(3)(A), the armed career criminal provision of the sentencing guidelines. Crim. Doc. 45 at 3-4. Rainey

argued that this Court should not determine his offense level pursuant to that provision because one of Rainey's prior convictions--attempted arson--did not qualify as a predicate offense pursuant to that provision. Crim. Doc. 45 at 6-7. He did not contest his two other predicate convictions, which were for burglary. See Crim. Doc. 45. He argued that, because attempted arson did not constitute a "violent felony," he did not have three prior convictions for violent felonies or serious drug offenses and, accordingly, he did not qualify as an armed career criminal pursuant to section 4B1.4(b)(3)(A) and the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("the ACCA"). Crim. Doc. 45 at 6-7.

This Court rejected Rainey's argument, ruling: "[T]here's no question in my mind that [section 4B1.4] does apply. Arson is a crime of violence. There's just no question." Crim. Doc. 45 at 12. Rejecting Rainey's argument that the fact that the arson was only attempted removed the offense from the ambit of section 4B1.4, this Court ruled, "[T]he attempt with regard to the intent to commit the substantive offense is equally applicable." Crim. Doc. 45 at 13.

This Court sentenced Rainey to serve 188 months imprisonment, to be followed by five years supervised release. Crim. Doc. 45 at 32. Rainey appealed, Crim. Doc. 37, and the Eleventh Circuit vacated his sentence and remanded the case for resentencing, Crim. Doc. 52. The Eleventh Circuit held that this Court should have ascertained the actual arson statute under which Rainey had been convicted and the statutory elements of arson under Florida law in order to determine whether Rainey's conviction had been for a violent felony. Crim. Doc. 52. The Eleventh Circuit vacated Rainey's sentence and remanded the case "with instructions that this Court find whether Rainey committed first or second degree

attempted arson, and whether attempted arson is a 'violent felony' within the meaning of [18 U.S.C.] § 924(e)." Crim. Doc. 52.

In compliance with the Eleventh Circuit's mandate, this Court conducted Rainey's resentencing hearing on September 11, 2003. Crim. Docs. 59, 69 (transcript). During the resentencing hearing, Rainey argued that he had been convicted previously of attempted second degree arson. Crim. Doc. 69 at 13. Based on a review of Rainey' state court plea agreement, this Court found that Rainey's prior conviction for attempted arson constituted a conviction for a second degree felony. Crim. Doc. 69 at 17-19. This Court ruled, however, that, "as a matter of law," Rainey's attempted second degree arson constituted a violent felony. Crim. Doc. 69 at 10, 16, 19. Again, Rainey did not contest his prior burglary convictions as predicate convictions for application of the ACCA. See Crim. Doc. 69.

This Court determined that Rainey's sentencing guidelines base offense level was thirty-three pursuant to USSG §4B1.4. Crim. Doc. 69 at 19-20. Subtracting three levels for acceptance of responsibility, this Court sentenced Rainey within offense level thirty, criminal history category VI, to 180 months imprisonment. Crim. Doc. 69 at 20-21. Although he disagreed that his attempted arson constituted a violent felony as a matter of law, Rainey's counsel stated that this Court's findings regarding his prior conviction "certainly does comply with the Appellate Court's inquiry," and he stated, "I think you've made an accurate determination of the facts." Crim. Doc. 69 at 22.

Rainey appealed again. Crim. Doc. 64. On March 11, 2004, the Eleventh Circuit affirmed the sentence imposed by this Court, holding that attempted arson constitutes a "violent felony" pursuant to the ACCA. See United States v. Rainey, 362 F.3d 733 (11th Cir. 2004). Rainey petitioned for a writ of certiorari, and the United States Supreme Court denied the petition on June 1, 2004. Rainey v. United States, 541 U.S. 1081 (2004).

On May 18, 2005, Rainey timely filed the motion to vacate, set aside, or correct his sentence that is the subject of this response. Civ. Doc. 1. He also filed a memorandum supporting that motion. Civ. Doc. 2. He had not previously filed any other post-conviction motions.

In his section 2255 motion, Rainey challenges only his counsel's failure to contest his prior burglary convictions. The following discussion of the facts focuses solely on the facts and proceedings relating to those burglary convictions.

## FACTS

During Rainey's guilty plea hearing, Rainey admitted that he had committed two burglaries on separate, prior occasions:

> THE COURT: Is it also true, Mr. Rainey, that prior to November 10, 2001, you had been convicted of various felonies in the state courts of Florida?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Including attempted arson in March of 1987, burglary and grand theft in March of 1988, burglary and grand theft in February of 1990, and failure to appear in February of 1990, all in the Circuit Court in and for Polk County, Florida?
>
> THE DEFENDANT: Yes, sir.

Crim. Doc. 44 at 19.

Rainey's Presentence Investigation Report ("PSR") described Rainey's first burglary as follows:

> On August 18, 1987, between 6:30 a.m. and 2:00 p.m., Roger Montgomery's apartment was burglarized. Approximately $4000 worth of video cassettes, jewelry, clothing, and a bicycle were taken. Officers found [Rainey's] fingerprints on a window, the point of entry into the home.

PSR ¶ 35. The PSR described Rainey's second burglary as follows:

> [Rainey] entered Timothy Graddy's apartment, located at 2512B, South Timberlane, Lakeland, Florida, and stole video and stereo equipment.

PSR ¶ 36. Rainey did not object to either of these accounts during either his original sentencing hearing or his resentencing hearing upon remand from the Eleventh Circuit. See Crim. Docs. 45, 69.

## DISCUSSION

Rainey argues in his section 2255 motion that he was deprived of the effective assistance of counsel at his sentencing hearing because his counsel failed to argue that his prior burglary convictions did not qualify as predicate offenses for purposes of the ACCA. Civ. Doc. 1.

Rainey's second contention actually is an argument that Rainey suffered prejudice as a result of his counsel's alleged ineffective assistance in failing to assert that the burglary convictions did not constitute predicate convictions for purposes of the ACCA. See Civ. Doc. 2 at 12-13. Although Rainey has set out this contention as a separately numbered "ground" for relief, it is actually an extension of his ineffective assistance of counsel claim and does not constitute a separate basis for relief from his sentence.

The alleged deprivation of the effective assistance of counsel is a cognizable claim pursuant to section 2255. Massaro v. United States, 538 U.S. 500 (2003).

Rainey contends that his counsel should have argued that his two prior convictions for burglaries did not constitute predicate convictions for purposes of the ACCA. He asserts that his counsel should have noted at sentencing that Fla. Stat. § 810.02 defines "burglary" as:

> For offenses committed on or before July 1, 2001, . . . entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

He contends that his counsel should have argued to the sentencing court that, because this definition includes the entering of "conveyances" in addition to the entering of "structures," the Government's proof, showing only that he had been convicted of "burglary," was insufficient to show that he had committed the type of burglaries that constitute "violent felonies" pursuant to the ACCA. Civ. Doc. 2 at 8. He relies on Taylor v. United States, 495 U.S. 575, 599 (1990), in which the Supreme Court held that a burglary conviction may serve as a predicate for enhanced sentencing under the ACCA only if the conviction is for a crime involving the elements of "generic" burglary, which the Court defined as an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599 (emphasis added).

Yet, an examination of the record shows that Rainey's counsel's decision not to challenge Rainey's burglary convictions as qualifying offenses pursuant to the ACCA was reasonable because in fact Rainey's two prior burglaries did constitute "generic" burglaries.

The Sixth Amendment right to counsel is the right to effective assistance of counsel.

McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).  Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic,  466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

  For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied,  531

U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,' and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For Defendant to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold

a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

The record in this case shows that Rainey's counsel exercised sound judgment at Rainey's sentencing hearing by refraining from challenging Rainey's prior burglary convictions as bases for his sentencing pursuant to the ACCA because Rainey's counsel had no basis to assert such a challenge. The undisputed facts set forth in the PSR (which Rainey does not dispute in his section 2255 motion) described how Rainey had burglarized two different apartments on separate occasions, each time stealing personal items from those apartments. See PSR ¶¶ 35, 36. Neither burglary involved a "conveyance" or theft from anywhere other than a structure. Moreover, the descriptions of the burglaries set forth in the PSR were consistent with Rainey's arrest reports, which detailed Rainey's burglary of the two apartments. See Exhibits C and D. Rainey never has disputed these accounts and, even in his section 2255 motion, he does not contend that he actually burglarized "conveyances" rather than "structures." See generally Civ. Docs. 1, 2.

Because the record establishes that Rainey's counsel had no basis to assert that Rainey's burglaries were anything other than "generic burglaries," Rainey's counsel was not ineffective for failing to argue that the Government had failed to prove that Rainey's prior burglaries constituted violent felonies, and Rainey cannot show that he suffered prejudice from his counsel's failure to assert this argument. Accordingly, based on Rainey's motion and the record now before this Court, Rainey has not established that he is entitled to relief based on his ineffective assistance of counsel claim.

Accordingly, the Court orders:

That Rainey's motion to vacate (Civ. Doc. 1; Crim. Doc. 77) is denied, with prejudice. The Clerk is directed to enter judgment against Rainey in the civil case and to close that case.

ORDERED at Tampa, Florida, on April 3, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Linda Julin McNamara
Pro se:  Melvin Junior Rainey